[Civ. No. 4110.    First Appellate District, Division Two.—March 15, 1922.]

PACIFIC COAST CONE COMPANY (a Corporation), Respondent, v. NATIONAL ICE CREAM COMPANY (a Corporation) et al., Appellants.

[1] SALES — VARIETY OF ICE-CREAM CONES — WARRANTY — FINDING—EVIDENCE.—In this action to recover the purchase price of a quantity of ice-cream cones, the finding in favor of the plaintiff against the defense of alleged breach of warranty as to the variety of the cones is supported by the evidence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Mogan, Judge. Affirmed.

The facts are stated in the opinion of the court.

Sloss, Ackerman & Bradley for Appellant.

Samuel M. Samter for Respondent.

STURTEVANT, J.—The plaintiff sued the defendants to recover judgment for the purchase price of a quantity of ice-cream cones. Judgment went for the plaintiff and the defendants have appealed. On the trial the defendants relied principally on a defense based on certain warranties being breached. The defendants strenuously contended that they had bought "cake cones"; that "cake cones," as that

expression is known to the trade, refers to cones that are sweetened. To this the plaintiff replied that the purchase was made by and through certain correspondence and those papers said nothing about ''cake.'' Going further, the defendants contended that the cones delivered by the plaintiff were not sweetened. To this the plaintiff replied that they were sweetened but stated that from July to October, 1918, the plaintiff's products were not sweetened as much as they were both before and after that period of time; and the plaintiff set forth that the reduction in the quantity of sugar used was because of, and in compliance with, the war regulations applicable to the business of the plaintiff and to its products. However, the defendants replied that, making all due allowance for the war regulations, the goods in question were still below the grade warranted. As to this element of the case the plaintiff called two witnesses and the defendants called seven. [1] The trial court found the fact as contended for by the plaintiff. The defendants claim on this appeal that there was not a substantial conflict in the evidence and that this court should hold that the finding in question is not supported by the evidence. We think, however, that the case is one in which this court has no right to substitute its opinion for the finding made by the trial court. We reach this conclusion with less hesitancy because of another element of the trial procedure. That element is this: The trial courtroom seems to have been well stocked with cones; the judge of the trial court of his own motion and on requests of counsel, witnesses, and parties, tasted every variety of cone that was offered to him and retasted the same. He thus became particularly informed on the question of fact on which he made his finding. Furthermore, the plaintiff contended that the right to examine and inspect the goods was, under the facts, waived by the defendant. The trial court so found. That finding was well within the proofs as tendered.

We find no error in the record. The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.